HENRY W. RICHARDSON *et al.* v. J. D. SAMUELSON.

CONSTABLE'S BOND — *Action — No Answer — Aider by Judgment.* A petition on a constable's official bond, challenged for the first time after judgment, considered and found sufficient to support and sustain such judgment.

*Error from Wyandotte District Court.*

THE opinion states the case. Judgment for the plaintiff *Samuelson* at the June term, 1888. The defendants, *Richardson* and others, bring the case here.

*Nathan Cree*, for plaintiffs in error.

Opinion by GREEN, C.: This was an action on a constable's bond. The defendants answered, but through mistake of counsel no defense was made. Judgment was rendered in favor of the plaintiff, but no motion was made for a new trial.

The case is brought by the plaintiffs in error to this court, and a reversal is asked for errors, going to the foundation of the action and judgment, apparent from the record.

The first objection urged against the petition is, that it does not set out a cause of action, or allege title to the property taken by the constable. The petition alleges that Samuelson, the defendant in error, was in possession of certain property, by virtue of a chattel mortgage, and complaint is made that no ownership was thus alleged. This may be true in the first part of the petition, but it is stated in another paragraph that Richardson seized and held property belonging to the plaintiff, and that by reason of his seizure and holding of goods and property of plaintiff a right of action accrued to to him on the bond, and against the sureties. This we think a sufficient allegation to uphold a petition after judgment.

It is next contended that there was no statement of facts in the petition showing that plaintiff had a right to the possession of the mortgaged property; that the plaintiff below sued as mortgagee, and should have alleged by proper averments that he was entitled to the possession of the property levied upon. A reference to the petition discloses that it contains an allegation that Richardson, as constable, seized certain property while in the possession of the plaintiff, and by force removed it from his possession and refused to deliver the same to him. This we think a sufficient averment of possession, and that such possession was interfered with by the constable.

The plaintiffs in error further insist that the petition and judgment in this case are based upon the assumption that an extra-official act of an officer constitutes a breach of the bond; that in the face of the express recital of the judgment, the officer had no process authorizing his acts, and that what he did was without right or authority; that no judgment on the bond was legal, because the act recited was a mere trespass upon the part of the officer. The answer was a justification that the property seized was taken by virtue of a writ of attachment issued by a justice of the peace, and that it was in

pursuance of such writ that the goods were levied upon. The language of the judgment is that Henry W. Richardson, constable, had no process authorizing him, as constable, to seize and take the property in controversy from the possession of the plaintiff, and not that he had no process; so that the position of counsel for plaintiffs in error is not tenable upon this point.

A further objection is made that no breach of the condition of the bond was averred in the petition, and that no cause of action arises on an official bond until a breach and the fact of a supposed breach are distinctly stated by proper allegations. A reference to the petition is an answer to this objection. The allegation of the petition is that Henry W. Richardson, as constable, seized the property in question while in the possession of the plaintiff, and by force removed it from his possession, and still refuses to deliver the same to the plaintiff. This, we think, is all that the law requires.

It is again urged that the petition lays no foundation for any measure of damage, and that the judgment gives damages not warranted by the allegations of the petition; that the petition contains no averment of value. The petition states that the goods seized and still held belonged to the plaintiff, and were of the value of $190. This allegation, we think, is sufficiently clear and definite to support the judgment.

The same answer will apply to the last objection, that there is no allegation of damages in the petition. The value being stated, and the further allegation that the plaintiff was deprived of said goods, is sufficient to support the judgment.

We recommend an affirmance of the judgment of the court below.

By the Court: It is so ordered.

All the Justices concurring.